■ BANKERS TRUST COMPANY, Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant. [691 NYS2d 50] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered September 15, 1998, awarding plaintiff the total of $5,238,348.82, and bringing up for review an order, same court and Justice, entered September 15, 1998, granting plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and denying defendant's cross motion for an order staying the action, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid judgment.

The court properly ruled that the appeal bond sued upon falls within the ambit of CPLR 3213, since a prima facie case is made out by the bond and a failure to make payment according to its terms (*see*, *Weissman v Sinorm Deli*, 88 NY2d 437, 444). The subject appeal bond provides that a sum certain is payable upon failure of the principal to either successfully appeal the June 24, 1997 money judgment in favor of Bankers Trust Company, as specifically referred to therein, or to pay the amount of such judgment. Thus, since the bond provides for payment of a sum certain upon the easily verified failure of specified events, it is deemed "an instrument for the payment of money only" (*Diversified Investors Corp. v DiversiFax, Inc.*, 239 AD2d 231, 233, *lv dismissed* 90 NY2d 935).

Further, since the conditions set forth in the bond refer exclusively to the June 24, 1997 judgment in favor of Bankers Trust Company, a stay of enforcement of that judgment is in no way dependent upon the appellate posture of the so-called underlying action. In this connection, defendant's arguments in support of such stay, as well as its argument that Bankers Trust Company's counterclaim for attorneys' fees was improperly severed, are academic in light of this Court's previous rulings, in the so-called underlying action, that the stay was properly denied and that the failure of the principal under the bond to appeal the money judgment entered in favor of Bankers Trust Company renders the principal bound by that judgment (*Tauber v Bankers Trust Co.*, 259 AD2d 381). Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.